facts, which it is claimed show prejudicial error, and thereupon a dignified and proper application for the allowance of the appeal herein may be made and will be entertained.

Ordered accordingly.

(55 Misc. Rep. 636.)

### In re ELDREDGE'S ESTATE.

(Surrogate's Court, Rensselaer County. August, 1907.)

WILLS—RESTRICTIONS ON TESTAMENTARY POWER—WHO MAY CONTEST.

Where a married woman, survived by her husband and certain nephews and nieces, bequeathed more than one-half of her estate, consisting wholly of personalty, to a religious corporation, the husband alone can object to the bequest as a violation of Laws 1860, p. 607, c. 360; he being entitled to all the personalty if the wife dies intestate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 552.]

In the matter of the judicial settlement of the estate of Amanda C. Eldredge. Decree rendered.

E. W. Douglas, for the Berkshire Baptist Association.
James Farrell, for next of kin.
Nelson Webster, for husband of deceased.
Betts & Draper, for executors.
John J. Mackrell, special guardian.

HEATON, S. Judicial settlement of the accounts of the executors of Amanda C. Eldredge, who left a will disposing of more than one-half of her estate to a religious corporation, which is conceded to be one of the corporations affected by the prohibition of chapter 360, p. 607, Laws of 1860. She left a husband and nephews and nieces, the latter of whom seek to raise the bar of the statute against the distribution of the estate in accordance with the will of deceased. The estate consists wholly of personal estate, and therefore would go to the husband if she died intestate.

It is objected in the first instance that, since the collateral next of kin are not mentioned in the statute, they cannot raise the objection of the prohibition of the statute. From time to time the courts have passed upon this question; and, while at first glance the decisions seem to be contradictory, upon examination they will be found to establish a clearly recognized rule.

In Harris v. American Bible Society, 2 Abb. Dec. 316, testator left a widow and collateral heirs; and it was held that, because the collateral heirs were interested parties and would take with the widow in case of intestacy, they could raise the objection of the statute. In that case it was said that it could not be held that the widow, who might have barred her right to take her dower by jointure, could consent to the terms of the will, and so deprive the heirs, who took with her by law, of their right to insist upon the statute.

In Frazer v. Hoguet, 65 App. Div. 192, 72 N. Y. Supp. 840, the testator left a wife, sister, nieces, and nephews. He made a trust during the life of his wife for her benefit, and at her death gave the most

of his estate to charity. It was held that the heirs at law, not being of the class named in the act, could not defeat the devise. This decision seems to be in conflict with several others; but it must be borne in mind that the court held that in no event could the objectors share in the estate, as there was a residuary clause which disposed of all lapsed or void legacies.

In Matter of Stilson, 85 App. Div. 132, 86 N. Y. Supp. 67, the estate was wholly personal, and a husband and collateral next of kin survived. The doctrine of Frazer v. Hoguet was disapproved, but the court said the case did not apply, since the husband would take the whole estate, and could release and waive his right, either before or after the death of his wife. In that case the court said:

"The statute indicates no purpose to provide for remote next of kin in substitution for those named in the statute."

Those cases which speak of the right of the next of kin are those only in which the next of kin inherit in connection with one of the persons named in the statute.

In Amherst College v. Ritch, 151 N. Y. 282, 335, 45 N. E. 876, 37 L. R. A. 305, the testator left a widow and three nieces, and all were recognized as having rights under the statute; but they were held to have released and waived them.

In Robb v. Washington and Jefferson College, 185 N. Y. 485, 78 N. E. 359, modifying 103 App. Div. 327, 93 N. Y. Supp. 92, the testator left a wife, sister, and nephews and nieces, his heirs at law, and next of kin. The widow approved the bequest to the college and asked that it be sustained. The Appellate Division held that a collateral relative could take advantage of the statute, and this ruling the Court of Appeals upheld, saying the question was not an open one.

The rule established by these cases is that, where there are any persons who would take from the testator as an intestate in connection with any one of the persons named in the statute, those persons may claim and have their respective rights which have been preserved to them by the act of 1860; but, where the person or persons named in the statute would take under intestacy the whole estate, no other persons have any present interest in the estate, nor can they enforce the prohibition of the statute. In this case the husband would take the whole of the estate left by the testatrix, and therefore he alone can be heard to object to the bequest in the will; and, in making distribution, this court must consider only the rights of the husband and the legatee.

There has been introduced in evidence, an antenuptial agreement, executed between the said husband and wife, which it is claimed releases the right of the husband to share in the estate of the wife; and therefore it is insisted that his survivorship does not present an obstacle to the payment over of the legacy to the Baptist Association. Such surviving husband has appeared herein by attorney, who has stated in open court that the husband raises no objection to the distribution of the estate in accordance with the will of deceased, and that he makes no claim to any part of her estate. Under such cir-

cumstances there is nothing to prevent a decree of distribution in accordance with the language of the will.

Decreed accordingly.